

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00762-CR

Jason Robert **VANWINKLE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-14-041
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  December 16, 2015

REVERSED AND RENDERED

Jason Robert VanWinkle appeals his conviction for arson. In his first issue, VanWinkle requests that we reverse his conviction and render an acquittal because he was indicted for arson of a habitation but convicted of arson of a vehicle, and the latter is not a lesser-included offense of the former. The State filed a letter in lieu of an appellee's brief conceding error and harm. The State concludes, "Accordingly, the State agrees with [VanWinkle's] first point of error, that error has been committed requiring the reversal of the unsupported conviction." We also agree, and we reverse VanWinkle's conviction for arson of a vehicle and render a judgment of acquittal of the

offense for which VanWinkle was indicted. *See Fuller v. State*, 73 S.W.3d 250, 256-57 (Tex. Crim. App. 2002) (explaining jeopardy-preclusion requires acquittal for the charged offense of which the jury did not convict appellant, but permits the State "to prosecute for the 'correct' theory of the crime'"); *see also Byrd v. State*, 336 S.W.3d 242, 246-47 (Tex. Crim. App. 2011) (holding that "the defendant is entitled to an acquittal" when the State alleges one offense and proves another). Because we reverse and render an acquittal, we need not address VanWinkle's second issue regarding the trial court's improper admission of evidence. *See* TEX. R. APP. P. 47.1.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH